**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

**LAW OFFICES OF TIMOTHY R. HOTT , P.C.**
100 Challenger Road - Suite 402
Ridgefield Park, New Jersey 07660
Telephone (201) 994-0400
Facsimile (201) 994-0401
Timothy R. Hott, Esq.
Email: TimHott@Gmail.com
(TH 6729)
Attorney for the Plaintiffs

| | |
|---|---|
| IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds and their Boards of Trustees, and the IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund for and on behalf of its Trustees and IBEW Local Union No. 102 , <br><br>            *Plaintiff(s)* <br>       vs. <br><br>Synergy Electric, Inc. <br>11 Middlebury Boulevard <br>Randolph, New Jersey 07869 <br><br>            *Defendant(s)* | CIVIL ACTION <br><br> CIVIL ACTION NO. <br><br><br> **COMPLAINT** |

　　　PLAINTIFFS, IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Fund and their Boards of Trustees and the Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund for and on behalf of its Trustees and IBEW Local Union No. 102, having their principal offices at 50 Parsippany Road, Parsippany, Morris County, New Jersey, 07054, complaining of the Defendant, Synergy Electric, Inc., 11 Middlebury Boulevard, Randolph, Morris County, New Jersey 07869 say:

## THE PARTIES

1. Plaintiffs, IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds and their Boards of Trustees, each are trusts or parts of trusts established pursuant to Sections 302(C)(5) of the National Labor Relations Act, as amended (29 U.S.C. 186 (C)(5), and pursuant to E.R.I.S.A., 29 U.S.C. 1001, et seq. for the purpose of providing pension, welfare and surety and other benefits for employees of employers covered by the provisions of a collective bargaining agreement between the IBEW Local 102 (hereinafter "Union") and such employers signed to collective bargaining agreements with said Union or by virtue of said employer's having given collective bargaining authority to. The Boards of Trustees of the Funds consist of an equal number of Union and Employer representatives appointed by their respective appointing entities to administer said Funds.

2. Plaintiff, IBEW Local 102 ("Union") is an unincorporated labor organization which is the exclusive collective bargaining representative of employees of employers who are parties to a collective bargaining agreement with the Northern New Jersey Chapter, Inc., of the National Electrical Contractors Association (Association) which Association is the collective bargaining representative of employers of employees represented by the Union.

3. IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund (NEBF) for and on behalf of its Trustees wherein NEBF is established pursuant to Sections 302(C)(5) of the National Labor Relations

      Act, as amended (29 U.S.C. 186 (C)(5), and pursuant to E.R.I.S.A., 29 U.S.C. 1001, et seq. for the purpose of providing pension benefits for employees of employers, including Synergy Electric Inc., who are covered by the provisions of collective bargaining agreements which require said employers to pay money to the NEBF on behalf of employees of the employer who work under such agreements.

4. Defendant, Synergy Electric Inc., is an employer who employs employees who are represented by the Union.  Defendant is bound to the current collective bargaining agreement between the Union and the Association as described in paragraph #1, above and has prior thereto been party to and bound by other such collective bargaining agreements which require Synergy Electric Inc., to make payments to the plaintiff Funds, above, for and on behalf of employees employed by the company.

## JURISDICTION

5. Jurisdiction of this Court is invoked in this matter under 29 U.S.C. 185, 29 U.S.C. 1145 of ERISA 29 U.S.C. 1001 et seq and generally under 28 U.S.C. 1331, federal question jurisdiction.

6. Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due said Funds and their procedures for verifying the accuracy of the contributions made to said Funds by contributing employers such as the defendant.

## FIRST COUNT

7. 29 U.S.C. Section 1145 requires Synergy Electric Inc., to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and collective bargaining agreements and the procedures specified by the Trustees of the respective Trusts.

8. Plaintiffs' Trust Agreements provide that plaintiffs have the right to conduct contribution compliance audits of the books and records of the defendant which plaintiffs deem necessary to determine the accuracy of payments which defendant has previously made to the Funds in accordance with the Agreements referenced herein.

9. In or about April, 2017 the Funds, by and through their designated representatives, caused a contribution compliance audit to be conducted of defendant's books and records.  Said audit was performed by the Certified Public Accounting firm retained by the plaintiffs.

10. The audit disclosed that defendant failed to remit payments in accordance with the terms of the Agreements and on account of defendant's employees performing work under the collective bargaining agreement for the period January 1, 2013 to March 31, 2014 to the Plaintiffs in sum of $165,150.94.

11. The Funds, prior to the current date, made demand for payment of said debt. Defendant has failed and refused to remit said payment in violation of the collective bargaining agreement and in violation of 29 U.S.C. 1145, plaintiffs'

trust agreements and the referenced collective bargaining agreement.

12. In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), plaintiffs are entitled to collect the principal debt and interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages at the rate of 20% of the principal sum due, reasonable attorneys' fees together with costs of suit.

**WHEREFORE**, the plaintiffs IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds and IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund (NEBF) for and on behalf of its Trustees demand judgment against the defendant;

(a) For the entry of judgment in an amount equal to the principal sum due and owing to the plaintiffs, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys' fees and costs of suit; and

(b) For such other and further relief as the Court deems equitable and just.

## SECOND COUNT

13. Plaintiffs repeats and reallege every paragraph of the First Count as if same were set forth at length.

14. In addition to the amounts due and owing from defendant to plaintiffs as set forth above, there may be due and owing additional sums for periods before and after the periods covered by said audit as may be determined by further contribution compliance audit of defendants books and records.

**WHEREFORE**, plaintiffs IBEW Local Union No. 102, IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds and their Boards of Trustees, and the IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund demand judgment against the defendants:

(a)  For the entry of judgment in an amount equal to such additional principal sums as may be due and owing to the plaintiffs as determined by further audit of defendant's books and records plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys' fees and costs of suit as to those principal sums as are subject to jurisdiction of 29 U.S.C. 1132(g)(2) and the terms of the collective bargaining agreement and trust agreements which call for same; and

(b)  For such other and further relief as the Court deems equitable and just.

Date: 09/17/2017                **S/TIMOTHY R. HOTT**
                                TIMOTHY R. HOTT